## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,

     Plaintiff,

v.

Solomon Ellis Shannon,

     Defendant.

Criminal No. 06-6 (JNE-JJG)

**REPORT**
**AND**
**RECOMMENDATION**

---

JEANNE J. GRAHAM, United States Magistrate Judge

     The above-entitled matter came on for hearing before the undersigned Magistrate Judge of the District Court on April 4, 2006, on the pretrial motions of defendant Solomon Shannon. Joseph T. Dixon, Assistant United States Attorney, appeared on behalf of the Government. Michael J. Colich, Esq., appeared on behalf of Mr. Shannon (Shannon). This case is scheduled to be tried before U.S. District Court Judge Joan N. Ericksen and has been referred to this Court for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

     Through a motion to suppress evidence (Doc. No. 17), Shannon seeks to suppress evidence obtained when a search warrant was executed at his residence. Through a motion to suppress admissions (Doc. No. 18), Shannon seeks to suppress a statement he allegedly made to officers while the warrant was executed. Through a motion for in camera review (Doc. No. 25), Shannon requests that this Court independently examine the evidence that led to the issuance of the warrant, for determining whether a hearing on the truthfulness of allegations in the warrant is appropriate.

I.      **BACKGROUND**

This matter arises out of an investigation by Officer Kelly O'Rourke of the Minneapolis Police Department.  O'Rourke received a tip from an informant that a person known as "Lazy" was dealing illegal drugs out of an apartment.  The informant identified this person as Shannon and stated that Shannon was a member of the Bloods street gang.

Based on the tip, as well as complaints about drug dealing from nearby apartments, O'Rourke set up surveillance of the apartment.  According to O'Rourke, there was an unusual level of traffic in and out of the apartment.  Many of the visitors wore red and black clothing, a uniform attributed to the Bloods.  And the visits were brief, consistent with a pattern for distribution of illegal drugs.

After this surveillance, an informant told O'Rourke that Shannon was storing a large amount of cocaine in his apartment.  The record does not indicate whether this informant is the same one who originally alerted O'Rourke about drug dealing from the apartment.  O'Rourke otherwise indicates that this informant is reliable and has frequently assisted in other investigations of illegal drug activity.

This informant explained that at least three ounces cocaine was kept in a cereal box above the refrigerator.  Shannon and others would then use the stove to cook the cocaine into crack.  Upon receiving this information, O'Rourke executed an affidavit that summarized his investigation, and he obtained a search warrant for the apartment.

When officers entered the apartment, O'Rourke located Shannon and escorted him to the bathroom. Shannon was handcuffed but the door to the bathroom was not closed.  While some other officers watched Shannon, O'Rourke briefly left the bathroom and retrieved gloves, apparently so he could search Shannon's person.  When O'Rourke returned, the officers told him that a pouch of cocaine had fallen out of his pants

2

cuff.  Shannon allegedly stated, "They planted an ounce on me."

After the search was completed, O'Rourke transported Shannon to jail.  While they were en route, Shannon allegedly told O'Rourke "not to waste my time."

## II.     DISCUSSION

### A.     Search Warrant

Shannon contends that when his apartment was searched, his Fourth Amendment rights were violated because the search warrant was not supported by probable cause.  The Fourth Amendment requires that, for a search warrant to be authorized, a detached and neutral magistrate must find that it is supported by probable cause.  *Warden v. Hayden*, 387 U.S. 294, 301-02 (1967).

A search warrant is supported by probable cause when a reasonable person, considering the facts and circumstances alleged in the supporting affidavit, would find a fair probability that incriminating evidence is on the premises to be searched.  *Illinois v. Gates*, 642 U.S. 213, 238 (1983).  When reviewing the sufficiency of the affidavit, a court may only consider the information stated in the affidavit.  *United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003).

When information from a confidential informant is disclosed in the supporting affidavit, a related question is whether the information from the informant is reliable.  If the affidavit does not indicate whether an informant previously supplied trustworthy information, reliability may be demonstrated when an officer independently corroborates information received from the informant.  *United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006); *United States v. Carpenter*, 422 F.3d 738, 744 (8th Cir. 2005).

If a reliable informant states that drug dealing is taking place at a particular site, and an officer corroborates this tip through direct surveillance of the property, then these facts ordinarily supply probable

cause to search the premises. *See United States v. Stevens*, 439 F.3d 983, 988 (8th Cir. 2006); *United States v. Jackson*, 67 F.3d 1359, 1366 (8th Cir. 1995).

According to the affidavit for the search warrant, an informant and other residents informed police that drug dealing was taking place in Shannon's apartment. O'Rourke corroborated these tips through direct surveillance of the premises, and he observed gang activity consistent with a drug dealing operation. And an informant later supplied O'Rourke with specific information about where a sizeable quantity of cocaine was kept in the apartment. Considering these facts and circumstances together, a reasonable person would find a fair probability that illegal drugs were being kept in the apartment. Thus the affidavit supplies probable cause for the search warrant, and the evidence recovered from the apartment need not be suppressed.

### 2.     Statements

Shannon also seeks to suppress his statements, arguing that they were taken in violation of his Fifth Amendment privilege against self-incrimination. This constitutional privilege requires that a suspect, once taken into custody, shall receive a *Miranda* warning before being subject to officers' interrogation. *United States v. Head*, 407 F.3d 925, 928 (8th Cir. 2005). The parties here have not contested that, when Shannon made his statements, he was in custody and had not received a *Miranda* warning. The critical issue, therefore, is whether officers' actions constituted interrogation.

Police actions constitute interrogation when an officer engages in express questioning or its functional equivalent. This standard incorporates words or actions by officers, other than those normally incident to custody, that they know are likely to result in an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). Where officers have not made any words or actions that would result in an

incriminating response, and a suspect makes a spontaneous statement, then that statement does not violate the privilege against self-incrimination. *United States v. Chipps*, 410 F.3d 438, 445 (8th Cir. 2005).

The record here fails to disclose that officers used any particular words or actions to elicit an incriminating response from Shannon. His statements were spontaneous outbursts and were not provoked by the officers' actions. Thus the statements do not violate the privilege against self-incrimination and suppression is not required.

### C.    In Camera Review

At the motion hearing, Shannon requested that he be allowed to examine witnesses on the truthfulness of allegations in the affidavit for the search warrant. He argued that such testimony was necessary to establish prima facie evidence that these allegations were false. But Shannon did not offer any other evidence to support this inquiry. After the hearing, Shannon moved for in camera review of the evidence supporting the allegations in the search warrant, for determining whether a hearing on the truthfulness of allegations in the search warrant is appropriate.

The facts in an affidavit for a search warrant are presumed to be truthful. To obtain a hearing on the truthfulness of facts in the affidavit, a defendant is required to specifically point out which portions of the affidavit are false and why. The defendant must further support this argument with an offer of proof. A conclusory statement that a search warrant affidavit is false, without further support, will not allow a hearing into the truthfulness of the affidavit. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). A defendant cannot seek a hearing when that defendant does not actually allege that specific portions of the affidavit are false. *United States v. Hull*, 419 F.3d 762, 771 (8th Cir. 2005). Where a defendant does not allege that specific portions of the affidavit are false, a court has no affirmative obligation to conduct an in camera review of the

evidence supporting the affidavit. *United States v. Flagg*, 919 F.2d 499, 501 (8th Cir. 1990).

Here Shannon admittedly faces a difficult burden.  But in order to demand a hearing into the truthfulness of the affidavit, Shannon must supply some proof that a specific allegation in the affidavit is false. Shannon has not done so.  And this Court is not obligated to review the evidence supporting the affidavit, based on speculation that the affidavit is untruthful, to determine whether Shannon is entitled to a hearing. Thus it is appropriate that his motion for in camera review be denied.

**III.    CONCLUSION**

For the reasons discussed above, this Court concludes that the search warrant for Shannon's residence is supported by probable cause.  Thus the fruits from execution of the search warrant need not be suppressed.  During and after execution of the search warrant, Shannon made spontaneous statements to officers that were not in response to interrogation.  So his statements did not violate his privilege against self-incrimination and also need not be suppressed.  And this Court has no obligation to conduct an in camera review of evidence supporting the search warrant affidavit.  This Court recommends, therefore, that Shannon's motions be denied.

**IV.    RECOMMENDATION**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.    Shannon's motion to suppress evidence (Doc. No. 17) be **DENIED.**

2.    Shannon's motion to suppress admissions (Doc. No. 18) be **DENIED.**

3.      Shannon's motion for in camera review (Doc. No. 25) be **DENIED.**

Dated this 20th day of April, 2006.                         s/Jeanne J. Graham

                                                  JEANNE J. GRAHAM
                                                  United States Magistrate Judge


        Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by May 10, 2006.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.